UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH ANTHONY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT et al.,<br><br>　　　　　　　　Defendants. | Case No.: 20-CV-2333-CAB-DEB<br><br>**ORDER DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>[Doc. Nos. 2, 3] |

This matter is before the Court on Plaintiff's application for leave to proceed *in forma pauperis* ("IFP"). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). Here, Plaintiff's application states that Plaintiff has a monthly income of $7,000.00, with monthly expenses of just $600.00. Because Plaintiff is able to pay the filing fee and "still afford the necessities of life," the IFP application is denied.

Moreover, even if Plaintiff had established entitlement to proceed IFP, his complaint would be subject to dismissal. A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and *sua sponte* review and dismissal should the Court determine, inter alia, it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Congress enacted this safeguard because "a litigant whose filing

fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Here, the complaint is largely incomprehensible and therefore is frivolous and fails to state a claim upon which relief can be granted.  The complaint appears to object generally to the presence of security or the police department around his apartment complex, but it is unclear what laws or rights Plaintiff claims were violated or infringed, or why Plaintiff is entitled to relief from the Court,.  Accordingly, even if Plaintiff is entitled to proceed IFP, the complaint must be dismissed. *Anderson v. Sy*, 486 F. App'x 644 (9th Cir. 2012) ("The district court properly dismissed [the lawsuit] as frivolous because the complaint contains indecipherable facts and unsupported legal assertions."); *Adams v. FBI San Francisco Field Office Supervisor & Agents*, No. 19-CV-02977-YGR (PR), 2019 WL 5626261, at *1 (N.D. Cal. Oct. 31, 2019) ("A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law.").

In light of the foregoing, it is hereby **ORDERED** that the application to proceed in forma pauperis is **DENIED** [Doc. No. 2], and the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).  In light of this dismissal, the motion to appoint counsel [Doc. No. 3] is **DENIED** as well.  Further, this Court certifies that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  The Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated:  December 1, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge